(No. 1247— ▮▮▮▮▮▮)

Cadet Knitting Company, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 11, 1928.*

Paul O'Donnell, for claimant.

Oscar E. Carlstrom, Attorney General; David J. Kadyk, Assistant Attorney General, for respondent.

Mr. Justice Leech delivered the opinion of the court:

The declaration filed by claimant, Cadet Knitting Company, a corporation organized and existing under the laws of the State of Delaware, and heretofore duly admitted to transact business in the State of Illinois makes claim for $7,-597.77, for moneys heretofore paid to the State of Illinois,

which were not legally due to it, and which through mistake and error on the part of the State officers collecting said funds were turned over to the State Treasury instead of being held by said collecting officer subject to the order of the Court of Record in a suit testing the constitutionality of the franchise tax law under which said sum was paid. Claimant alleges that said sums were paid to the Secretary of State under the franchise tax law, and that a letter of protest was sent with said remittances; that it filed in the Circuit Court of Sangamon county, Illinois, a bill enjoining the Secretary of State from paying said sum or any part thereof over to the State Treasurer until the further order of court and that said court entered such an injunction or restraining order; that later the Supreme Court of the State of Illinois held said tax law under which said sums were exacted to be unconstitutional and void and that said Circuit Court of Sangamon County thereupon ordered said Secretary of State to refund said sums to claimant. The claim above noted for $7,597.77 is made up of three items as follows:—

1. The sum of $3,174.74.

2. The sum of $2,986.35.

3. The sum of $1,436.68.

The demurrer filed by the Attorney General of the State of Illinois, is sustained as a matter of law.

The answer of the Attorney General filed in this matter, recommends that the first two items in said claim, as above enumerated be allowed by this court, claimant having pursued all legal remedies provided under the statute, and the monies there claimed having, through error, been paid by the Secretary of State of the State of Illinois, into the State Treasury. The third item is resisted because it was not made under protest, nor is there adduced any allegation of duress or compulsion, sustainable by law or facts as to said payments and no bills for injunction restraining the Secretary of State from paying said sums to the State Treasurer were filed by claimant.

Therefore we award claimant the sum of $6161.09, being the first two items above listed, and the third item of $1436.68 is disallowed.